UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MEDLIANT INC., | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) Civil Action No. 1:23–cv–00419 |
| v. | ) |
| | ) |
| ELIAHKIM MABUTE, | ) |
| | ) |
|     *Defendant*. | ) |

## COMPLAINT

The plaintiff, Medliant Inc. ("Medliant"), states for its Complaint against the defendant, Eliahkim Mabute ("Mabute"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Medliant is a Nevada corporation with its principal place of business in Tennessee.

2. Mabute is an individual residing at 520 Dowlen Road, Apartment 110, Beaumont, Texas 77706. Mabute may be served with process by personal service at his residence or wherever he may be found.

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between Medliant, a citizen of the States of Nevada and Tennessee, and Mabute, a citizen of the State of Texas.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1–2) because Mabute resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

5.  Medliant provides employment-related placement services throughout the United States, including to hospitals and other healthcare providers in southeast Texas.

6.  One of the many reasons why Medliant is so successful in providing placement services to its healthcare clients is primarily due to Medliant's willingness to incur significant upfront costs in securing quality employees from around the world, including employees originally from the Philippines.

7.  Medliant sponsors each international employee in connection with securing a Green Card, which includes paying for all costs and expenses associated with this process.

8.  Medliant also pays for all travel to the United States for each employee, one month's living accommodations for each employee, and reimburses each employee for all federal and state license-related application fees and expenses.

9.  In accordance with this practice, on October 17, 2019, Medliant and Mabute entered into an Agreement for Employment (the "Agreement") for Mabute to come to the United States from the Philippines to work as a full-time registered nurse for Medliant at Baptist Hospitals of Southeast Texas.

10. Pursuant to the Agreement, Medliant agreed to sponsor and pay for Mabute's Green Card processing, Mabute's travel expenses to Texas, one month's living accommodations, and to reimburse Mabute for all federal and state license-related application fees and expenses.

11. In consideration for the benefits described above, Mabute agreed to work a minimum of five thousand two hundred (5,200) straight-time hours for Medliant.

12. Mabute also acknowledged that if he left Medliant's employment prior to the completion of his assignment, that Medliant would not have made a reasonable amount of profit

in relation to Medliant's investment of time, effort, and money in promoting, training, testing, and licensing and otherwise assisting Mabute to become a United States employee.

13. As a result, Mabute agreed that if he voluntarily left Medliant, he would pay, as liquidated damages, two thousand five hundred dollars ($2,500.00) for each month remaining on his obligation.

14. In addition to the liquidated damages, Mabute also agreed he would reimburse Medliant for the costs of immigration Medliant paid on Mabute's behalf if he resigned prior to completion of his obligation.

15. Effective November 8, 2023, Mabute resigned from Medliant.

16. Mabute has breached the Agreement because he has not paid Medliant any of the liquidated damages owed to Medliant.

17. Mabute also breached the Agreement because he also failed to reimburse Medliant for the costs of immigration.

## COUNT I – BREACH OF CONTRACT

18. Medliant incorporates by reference the allegations set forth above.

19. The Agreement is a valid and enforceable contract.

20. Mabute has breached the Agreement because he has not paid Medliant any of the liquidated damages owed to Medliant.

21. Mabute also breached the Agreement because he also failed to reimburse Medliant for the costs of immigration.

22. As a result of Mabute's breaches, Medliant is entitled to liquidated damages plus the costs of immigration paid by Medliant on Mabute's behalf.

23. Alternatively, Medliant is entitled to actual damages as a result of Mabute's breaches of the Agreement.

24. Pursuant to Sections 2(d) and 18 of the Agreement, Medliant is also entitled to an award of its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

Medliant requests that the Court:

A. Award liquidated damages plus the costs of immigration to Medliant in accordance with the Agreement;

B. Alternatively, award Medliant its actual damages as a result of Mabute's breaches of the Agreement;

C. Award Medliant its attorneys' fees and costs pursuant to Sections 2(d) and 18 of the Agreement;

D. Award Medliant pre-judgment and post-judgment interest in the maximum amount permitted by law; and

E. Award Medliant any and all other relief to which it is entitled.

Respectfully submitted,

/s/ R. Brandon Bundren
R. Brandon Bundren
Texas Bar No. 24050353
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.244.2582
F: 615.252.6380
bbundren@bradley.com

*Attorney for Medliant Inc.*